ANDREW R. HADEN
Acting United States Attorney
Mark W. Pletcher
Assistant U.S. Attorney
Colorado Bar No. 034615
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9714
Email:  mark.pletcher@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ZENON TAFOLLA,<br><br>Defendant. | Case No. 23-CR-1022-RBM<br><br>**SENTENCING MEMORANDUM**<br><br>Date:   September 29, 2023<br>Time:   9:00 a.m.<br>Courtroom: 5B, Schwartz<br><br>The Honorable Ruth Bermudez Montenegro |

COMES NOW the United States of America, by and through its counsel, Andrew R. Haden, Acting United States Attorney, and Mark W. Pletcher, Assistant United States Attorney, and hereby files its Sentencing Memorandum, in the above-captioned case.  The United States' final recommendation in this case is **18 months' custody, 2 years of supervised release, no fine, and a $100 penalty assessment**.

**A.     The Sentencing Guidelines**

The United States recommends the following guideline calculations:
1.   Base Offense Level [USSG § 2L1.2(a)]                                           8
2.   Prior Immigration Felony [USSG § 2L1.2(b)(1)(A)]                    +4
2.   Prior Felony Pre-Deport >2 yrs [USSG § 2L1.2(b)(2)(B)]          +8
3.   Acceptance of Responsibility [USSG § 3E1.1(b)]                        -3
4.   Fast Track [USSG § 5K3.1]                                                              -2
         TOTAL ADJUSTED OFFENSE LEVEL                                    15

Defendant is in Criminal History Category III, and his corresponding guideline range is 24 to 30 months in custody. The parties agree that this is the appropriate guideline range.

**B.      The Factors under 18 U.S.C. § 3553(a)**

According to 18 U.S.C. § 3553(a), the court:

shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed—
    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)  to afford adequate deterrence to criminal conduct;
    (C)  to protect the public from further crimes of the defendant; and
    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for—
    (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
        (i)   issued by the Sentencing Commission. . . ; and
        (ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
    (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission. . . ;

(5)   any pertinent policy statement—
    (A)  issued by the Sentencing Commission. . . ; and
    (B)  that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Taking these factors into consideration, particularly the history and characteristics of the defendant as set forth in the Defendant's Sentencing Memorandum, the United States recommends an additional departure resulting in a custodial sentence of 18 months. The United States notes Defendant's apparent continued sobriety. Defendant's commitment to his family and children are commendable, especially given his own upbringing. His representation to meet those commitments in Mexico is accepted at face value.

Ultimately, balancing the factors set forth in 18 U.S.C. § 3553, the United States recommends a sentence of 18 months in custody, no fine, a two-year term of supervised release and a $100 special assessment. A two-year term of supervised release is warranted as an additional safeguard given the Defendant's prior immigration history.

DATED: September 28, 2023.                    Respectfully submitted,

                                               ANDREW R. HADEN
                                               Acting United States Attorney

                                             s/ *Mark W. Pletcher*
                                             MARK W. PLETCHER
                                             Assistant U.S. Attorney